### KROSCHEWSKY v. NORTHSIDE INV. CO., Inc.

### No. 3938.

Court of Civil Appeals of Texas. El Paso.
April 11, 1940.

Rehearing Denied April 25, 1940.

Harry Hertzberg, Marion R. McClanahan, and Norman S. Davis, all of San Antonio, for appellant.

T. W. Anderson, of San Antonio, for appellee.

WALTHALL, Justice.

This suit was originally filed by Mrs. Marie Kroschewsky, joined by her husband, Gus A. Kroschewsky, and, after the death of Mrs. Kroschewsky, the suit was prosecuted by appellant, individually and as administrator of the estate of Mrs. Kroschewsky.

The suit was brought against the appellee, Northside Investment Company, a corporation, and H. C. Thorman, to rescind a contract of sale of real estate and described as Lot No. 20, Block No. 12, Olmos Park Estates, in Bexar County, Texas.

At the conclusion of the evidence each party filed a motion for an instructed verdict. The trial court overruled appellant's motion and granted the motion of appellee, Northside Investment Company, and of H. C. Thorman, and on the verdict as instructed the court rendered judgment that appellant take nothing by his suit "against either of the defendants," and further adjudged and decreed as follows: "Nothing herein shall affect the right of the plaintiffs to accept from the Northside Investment Company the conveyance, release and title guaranty to the property described in plaintiff's petition which they are tendering him upon payment of the balance owing therefor, all of which plaintiff is entitled to receive upon such payment."

The court overruled appellant's motion for a new trial, and appellant presents this appeal.

This appeal is prosecuted from the judgment rendered as to the Northside Investment Company only.

The full money consideration to be paid for the land was $10 paid upon the execution of the agreement, and a balance of $4,320 to be paid in stated semi-annual payments with interest from March 21, 1928, the date of the sale contract, at six per cent per annum, principal payments, plus accrued interest, to be made on September 21st and March 21st, until the unpaid balance was fully paid.

The contract contained the following provision: "That when the purchaser shall have paid one-half of the purchase price, then the seller agrees to execute and deliver a general warranty deed to said purchaser."

The sale contract provided the deferred payments to be evidenced by vendor's lien notes executed by the purchaser and secured by a vendor's lien expressly retained in the "power of sale, together with the usual covenants as to default, taxes, etc., upon the property."

The sale contract provides that:

"2. The seller at its option is to furnish purchasers with an authentic abstract of title or a title guaranty policy, showing good title to it to the property to be conveyed, subject to the restrictions hereinafter set out. Should an abstract be furnished and title be found to be objectionable by the attorney for purchaser, then, in that event, seller may furnish to purchaser a guaranty title, which shall be accepted by the purchaser.

"3. The purchaser agrees to the foregoing terms and should the abstract or any amendment thereof show satisfactory title in the seller, purchaser agrees upon presentation of the deed for guaranty title certificate to pay the balance of the cash payment, and execute the notes for the deferred payments and the deed of trust, hereinbefore provided for to secure the deferred payments; but it is agreed and consented to by the purchaser that the deed executed and delivered in accordance

with the terms of this contract shall contain the following stipulations, restrictions, conditions and covenants, viz.:"

Then follow statements of stipulations, restrictions, conditions and covenants, to apply to and be binding upon the purchaser, his heirs, devisees, executors, administrators, successors and assigns. We have not found in them anything material or necessary to be stated here.

Appellant submits several propositions. They are to the effect: The court should not have granted appellee's motion for an instructed verdict, and should not have instructed the jury to return a verdict for appellee, because the failure and refusal of appellee, after one-half of the purchase price had been paid by the Kroschewskys, to present and deliver to them an executed warranty deed to the property, as well as an abstract of title or title guaranty policy, showing good title free and clear of encumbrances, was a breach in a material respect by appellee of the executory contract of sale of real estate.

Based on the above facts stated appellant submits that he was entitled to a rescission of the contract whether the contract itself or its breach was attended by any accident, fraud or mistake, or any other equity.

Appellant's second proposition submits that the instructed verdict for appellee should not have been given because, if appellant was not entitled to judgment as a matter of law, appellant's right to judgment was at least a question of fact for the jury, whether it was necessary that appellant should have made a tender of the balance of the contract price in cash or by executed vendor's lien notes and deed of trust, in order to put appellee in default of performance of the contract, or whether appellee waived such tender, or whether appellant waived his right to require appellee to prepare and present the deed until appellant should notify appellee how and when they wanted to make payment of the balance of the purchase price of the land, and how they wanted the deed made.

We feel that it is unnecessary to discuss or to analyze separately and apart from the others each fact embraced in the propositions.

That appellant, before the filing of his suit, had paid to appellee more than one-half of the purchase price of the land is undisputed. Appellant was then entitled to demand and receive from appellee a warranty deed to the property on payment of the balance of the purchase price. The seller, at its option, agreed to furnish the buyer an abstract of title showing good title to the property, or a title guaranty policy. The contract recites: "Should an abstract be furnished and title be found to be objectionable by the attorney for purchaser, then in that event, seller may furnish to purchaser a guaranty title, which shall be accepted by the purchaser." The sale contract further provides that should the abstract show satisfactory title in the seller, purchaser agrees, upon presentation of the deed for guaranty title certificate, to pay the balance of the cash payment or execute the notes for the deferred payments and the deed of trust provided to secure the deferred payments (evidenced by the notes). The deed when executed to embrace the stipulations, restrictions, conditions and covenants stated in the sale contract.

Appellee admits that under the terms of the contract under which the property was purchased, Marie Kroschewsky was entitled to have delivered to her a deed to the property, together with an abstract of title or title policy showing good title, when one-half of the purchase price had been paid; or at any subsequent time, she had the right to execute the vendor's lien notes for the balance of the purchase price, or pay said balance in cash. Appellee offered testimony to the effect that when one-half of the purchase price had been paid. Mrs. Kroschewsky was informed that she was entitled to the deed, and that such deed was prepared in December, 1931; that Mrs. Kroschewsky said to H. C. Thorman, the president of appellee, in December, 1931, and in January, 1932, that she was undecided whether to pay the balance of the purchase price in cash or make the notes. The evidence sufficiently shows, we think, that while the property was encumbered by a lien with the San Antonio Loan & Trust Company, appellee was able to clear the property of the lien on the payment of the balance of the purchase price, or the execution of the notes. The evidence shows that a large number of lots in the same property as that of the property involved here, had been sold and the lien released and cleared under a similar contract as here. We have concluded, under the evidence in the record,

that appellee could deliver a good clear title.

The rule seems to be settled that for a breach of covenant contained in an executed contract, the remedy is an action for damages and not for rescission. Bristow v. City Investment Co., Tex.Civ.App., 110 S.W.2d 1222, and authorities cited.

This suit was filed in February, 1932, by Marie Kroschewsky, joined pro forma by her husband. Mrs. Kroschewsky died in 1937.

We have not found the above evidence controverted in the record.

There was no such breach and repudiation of the contract shown by the evidence as would justify a rescission of the contract in question by appellant.

Appellee pleaded a tender of the deed on payment of the balance of the purchase price.

We have carefully reviewed the evidence and the authorities to which we are referred, and many other authorities, and have concluded the trial court was not in error in overruling appellant's motion for an instructed verdict and instructing a verdict and rendering judgment for appellee.

The case is affirmed.